IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| AMBER NICOLE MENDOZA RODRIGUEZ | § § § § § | |
| *Plaintiff,* | § § | |
| VS. | § § | Case No. 5:21-cv-298 |
| BRYAN KENT PHILLIPS and GULLY TRANSPORTATION, INC. | § § § § | |
| *Defendants.* | § | **Jury Trial Demanded** |

## PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES Plaintiff, Amber Nicole Mendoza Rodriguez, and files her Original Complaint against Defendants Bryan Kent Phillips ("Phillips") and Gully Transportation, Inc. ("Gully Transportation") (collectively referred to as "Defendants"). In support thereof, Plaintiff would respectfully show the Court as follows:

### I.
### PARTIES

1.1   Plaintiff, Amber Nicole Mendoza Rodriguez, is a Texas citizen who resides in San Antonio, Texas.

1.2   Defendant, Bryan Kent Phillips, is a citizen of Illinois who resides in Quincy, Adams County, Illinois. Defendant Phillips may be served with process at 3820 Wiseman Lane, Quincy, Illinois 62305.

1.3   Defendant, Gully Transportation, Inc., is a corporation incorporated under the laws of Illinois. Its principal office is located at 3820 Wiseman Lane, Quincy, Illinois 62305. As evidenced by the location of the crash described below, Gully Transportation conducts business in Texas, engages in continuous and systematic contacts with the State

of Texas, and derives substantial economic profits from its business activities in Texas. Gully Transportation was the employer of Phillips, who was operating a Gully Transportation freightliner and hauling a Gully Transportation trailer at the time of the crash that makes the basis of this lawsuit. Gully Transportation may be served with process by serving its registered agent, William M. Gully, 3820 Wiseman Lane, Quincy, Illinois 62301.

## II.
### VENUE AND JURISDICTION

2.1     Venue is proper in this District pursuant to 28 U.S.C § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claim occurred in the Western District of Texas. Specifically, the crash that makes the basis of this lawsuit occurred in Bexar County, Texas, which is located in the San Antonio Division of the Western District of Texas.

2.2     This Court has original jurisdiction over this case pursuant to 28 U.S.C. § 1332(a)(1) as the matter in controversy exceeds the sum of $75,000 and there is complete diversity of citizenship between Plaintiff and all Defendants.

2.3     This Court has specific personal jurisdiction over the Defendants because they purposely directed their activities at Texas and the litigation is the result of injuries that arise out of, and relate to, those activities.  In particular, this action arises foreseeably from Defendants' conduct following their purposeful choice to drive a vehicle on the roadways of Texas and their failure to exercise ordinary care while doing so.  Defendants should have reasonably anticipated being haled into court in Texas given the substantial connection between their activities in Texas and the claims made in this lawsuit.  Thus, this action seeks to adjudicate issues deriving directly from or connected directly with their tortious activities in Texas, and this Court's personal jurisdiction over these

Defendants in this action arises from that nexus. Defendants themselves purposefully created the contacts with Texas that are relevant to establishing this Court's jurisdiction, and they purposefully availed themselves of the privilege of conducting activities within Texas. Defendants have sufficient minimum contacts with the State of Texas to support the exercise of personal jurisdiction over them by a court in the forum state. Based upon the direct connection between the Defendants' activities in Texas and the claims made against them, as well as the minimum contacts purposefully made with the State of Texas, the exercise of personal jurisdiction here is consistent with the Texas Long Arm statute and with due process; it does not offend traditional notions of fair play and substantial justice; and is neither unfair nor unreasonable.

## III.
### BACKGROUND FACTS

3.1 According to the Texas Peace Officer crash report, on January 21, 2021, Plaintiff was lawfully traveling southbound on US 281 North in Bexar County, Texas, in the left-center lane. At the same time, Defendant Phillips, operating a 1999 freightliner owned by Defendant Gully Transportation (VIN 1FUYDDYB5XP919300), was traveling next to her in the far-left lane. Suddenly and without warning, Defendant Phillips attempted to change lanes, violently striking the driver-side rear quarter-panel of Ms. Rodriguez's vehicle with the front of his tractor-trailer. As a result of the initial impact, Ms. Rodriguez's vehicle spun ninety degrees to the left and struck the center median head on. Plaintiff was severely injured as a result of the collision.

3.2 At the time of the crash, Defendant Phillips was acting in the course and scope of his employment with Gully Transportation and acting in furtherance of Gully Transportation's business.

## CAUSES OF ACTION AGAINST DEFENDANTS
## BRYAN KENT PHILLIPS AND GULLY TRANSPORTATION, INC.

### IV.
### NEGLIGENCE AND VICARIOUS LIABILITY

4.1     Plaintiff incorporates and realleges each of the paragraphs above as though fully set forth herein at length.

4.2     Defendants Phillips and Gully Transportation committed acts of omission and commission, which collectively and severally constitute negligence.  That negligence proximately caused the crash in question and Plaintiff's damages.

4.3     Defendants Phillips and Gully Transportation owed a duty to Plaintiff to exercise ordinary care.  Defendants Phillips and Gully Transportation's acts and/or omissions of negligence include, without limitation, one or more of the following:

    a. Failing to operate the freightliner in a reasonable and prudent manner;

    b. Failing to keep a proper lookout for warnings, other vehicles, obstructions or changing traffic conditions as a person of ordinary care would have kept;

    c. Failing to control his speed;

    d. Failing to pay attention to attendant traffic and driving conditions;

    e. Failing to take proper evasive action as a person of ordinary care would have under the circumstances;

    f. Failing to maintain a lane of travel; and,

    g.  Failing to timely apply the brakes of the freightliner.

4.4     Each of the above acts and/or omissions constitutes negligence, and each was a proximate cause of the incident that makes the basis of this suit and a proximate cause of the injuries and damages sustained by Plaintiff and to be sustained by Plaintiff in the future.

4.5     Defendant Gully Transportation is liable for Defendant Phillips' conduct under the doctrine of *respondeat superior*. Defendant Phillips was employed by Defendant Gully Transportation as its authorized agent, servant, and/or employee on the date in question and was acting in that capacity at the time of the occurrence that gives rise to this lawsuit. Alternatively, Defendant Phillips was the statutory employee of Defendant Gully Transportation pursuant to the Federal Motor Carrier Safety Regulations. *See* 49 C.F.R. § 376.1, et seq.  Defendant Phillips was acting in furtherance of the business of Defendant Gully Transportation at the time of the collision and was in the course and scope of his employment or agency with Defendant Gully Transportation at the time of the collision.

## DAMAGES

### V.
### ACTUAL DAMAGES

5.1    As a result of the subject crash, Plaintiff has suffered in the past, and will likely suffer in the future, damages for which she seeks recovery herein. These damages were proximately caused by the negligence of the Defendants, and include but are not limited to:

(a)     Past and future pecuniary loss;

(b)     Past and future medical bills;

(c)     Physical pain;

(d)     Mental anguish;

(e)     Physical impairment;

(f)     Disfigurement;

(g)     Lost earnings;

(h)     Lost earning capacity; and,

(i)     Reasonable and necessary medical expenses.

## VI.
### PRE-JUDGMENT AND POST-JUDGMENT INTEREST

6.1    Plaintiff seeks pre-judgment and post-judgment interest at the maximum legal rate.

## VII.
### CONDITIONS PRECEDENT

7.1    All conditions precedent to Plaintiff's right to recover and Defendants' liability have been performed, have occurred and/or have been waived.

## VIII.
### JURY DEMAND

8.1    Plaintiff requests a jury trial and tenders the requisite jury fee.

## IX.
### PRAYER FOR RELIEF

9.1    WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that Defendants be cited to appear and answer herein, that this cause be set for trial before a jury, and that Plaintiff recover judgment of and from Defendants for her actual and exemplary damages, in such an amount as the evidence may show and the jury may determine to be proper, together with pre-judgment and post-judgment interest, costs of suit, and such other and further relief to which Plaintiff may justly show herself entitled, whether at law or in equity.

DATED this 25th day of March 2021.

Respectfully Submitted,

WATTS GUERRA LLP
4 Dominion Drive, Building 3 - Suite 100
San Antonio, Texas 78257
Telephone:  210.447.0500
Fax:  210.447.0501

By: /s/ *Jennifer A. Neal*
MIKAL C. WATTS
Texas State Bar No. 20981820
Email: mcwatts@wattsguerra.com
FRANCISCO GUERRA, IV
Texas State Bar No. 00796684
Email: fguerra@wattsguerra.com
JENNIFER A. NEAL
Texas State Bar No. 24089834
Email: jneal@wattsguerra.com

*And*

CARABIN & SHAW, P.C.
630 Broadway
San Antonio, Texas 78215
Telephone: 210.222.2288
Fax: 210.222.1480

JAMES M. SHAW
Texas State Bar No. 00784955
Email: jshaw@carabinshaw.com

ATTORNEYS FOR PLAINTIFF